UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS JACKSON,

      Plaintiff,

v.

KENNETH T. MCKEE,

      Defendant.

_____/

Case No. 2:21-cv-23

Hon. Hala Y. Jarbou

**OPINION GRANTING CLARIFICATION, VACATING DEFICIENCY ORDER, & DENYING LEAVE TO PROCEED _IN FORMA PAUPERIS_ - THREE STRIKES**

      This is a mandamus action brought by a state prisoner under 28 U.S.C. § 1651 or § 1361. Plaintiff wants the Court to compel a state circuit court judge to take certain actions in post-conviction proceedings in Plaintiff's criminal case. Plaintiff did not pay the filing fee when he submitted his petition. The Court notified Plaintiff of this deficiency and provided him 28 days to either file a motion to proceed _in forma pauperis_ or pay the $402.00 filing fee. Plaintiff has responded with a motion seeking clarification (ECF No. 5), which he then supplemented (ECF No. 6).

      Plaintiff claims that he did not intend to file a separate civil action; rather, he intended to file his mandamus petition in a long-closed habeas file: _Jackson v. McKee_, No. 1:13-cv-464 (W.D. Mich.) (herein the 2013 habeas petition). The Court dismissed the 2013 habeas petition because Plaintiff had failed to exhaust his state court remedies before filing his petition. Plaintiff initially filed a notice of appeal, but voluntarily dismissed the appeal on December 18, 2013.

Plaintiff filed a second habeas petition in the United States District Court for the Eastern District of Michigan: *Jackson v. Parish*, No. 2:15-cv-11622 (E.D. Mich.) (herein the 2015 habeas petition).   That action is presently stayed, and held in abeyance, awaiting Plaintiff's exhaustion of his state court remedies.   Nonetheless, just last week, the Eastern District Court issued an opinion and order denying Plaintiff's motion to compel meaningful access to the Court in that case.   That Court has told Plaintiff not to file anything else in that case until he is ready to reopen the case after exhausting his state court remedies.

Thus, desiring to invoke the power of the federal court to compel the state court to act, Plaintiff faced a dilemma.   He could not file another pleading in the Eastern District; that court "enjoined [Plaintiff] . . . from filing further pleadings other than a motion to reopen the petition following exhaustion of his state court remedies, unless [certain conditions were met]." (No. 2:15-cv-11622, ECF No. 113, PageID.7204–7205.)   And he did not want to commence a new civil action because "he has filed at least three lawsuits that were dismissed as frivolous, malicious or failure to state a claim, thus he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) and he is unable to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*." (Pl.'s Br., ECF No. 2, PageID.16.)   So he chose to attempt to file his petition for writ of mandamus in his 2013 habeas action that had been closed for almost eight years.

Plaintiff contends that the Court's characterization of the petition as a separate civil action is "just a pathetic mentally immature method of interfering with [his] access to the courts." (Suppl., ECF No. 6, PageID.45.)   Plaintiff also characterizes the Court's practices as "unethical," "downright unreasonable," and "appalling." (*Id*., PageID.46.)   He asks the Court to retrain the Clerk and scrutinize Magistrate Judge Vermaat for their respective roles in this misconduct.

2

(*Id*., PageID.47.)  However, it is Plaintiff's attempt to sneak his mandamus request in through a long-closed habeas action that is unjustifiable.

The petition at issue here expressly purports to be an independent "Petition for Writ of Mandamus" against state officials, rather than a motion in a habeas case.  It invokes 28 U.S.C. §§ 1651 and 1361, rather than 28 U.S.C. § 2254, as the jurisdictional bases for relief.  The petition therefore must be treated as a separate civil action filed by a prisoner seeking redress from a governmental officer—regardless of Plaintiff's manipulative intent to avoid that result.  *See Green v. Nottingham*, 90 F.3d 415, 417–18 (6th Cir. 1996).  As such, the petition is subject to all the provisions of 28 U.S.C. §§ 1915 and 1915A, including the limits of § 1915(g) that forbid Plaintiff from obtaining *in forma pauperis* status because of his three prior dismissals as frivolous, malicious, or for failure to state a claim.  Plaintiff acknowledges that he is barred from proceeding *in forma pauperis* by the rule.[1]

The Court's prior deficiency order invited Plaintiff to pay the filing fee or seek leave to proceed *in forma pauperis*.  Because the latter option would be futile, the Court vacates the deficiency order.  Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2]  This fee must be paid within

---

[1] In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim.  *See Jackson v. Evans et al.*, No. 2:11-cv-13524 (E.D. Mich. Aug. 31, 2011); *Jackson v. Bouchard*, No. 2:16-cv-246 (W.D. Mich. Dec. 21, 2016); *Jackson v. Berean et al.*, No. 1:18-cv-1075 (W.D. Mich. Mar. 19, 2019).  Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule at least twice.  *See Jackson v. Taskila et al.*, No. 2:20-cv-38 (W.D. Mich. Apr. 8, 2020); *Jackson v. Berean et al.*, No. 1:19-cv-380 (W.D. Mich. Sep. 27, 2019).  Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule.  28 U.S.C. § 1915(g).

[2] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.  28 U.S.C. § 1914(b);  https://www.uscourts.gov/services-forms/fees/district-court-

twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff fails to pay the fee,

the Court will order that this case be dismissed without prejudice.  Even if the case is dismissed,

Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81

(6th Cir. 2002).

An order consistent with this opinion will issue.

Dated:   March 1, 2021                                            /s/ Hala Y. Jarbou
                                                                              HALA Y. JARBOU
                                                                              UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
330 Federal Bldg.
202 W. Washington St.
PO Box 698
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

---

miscellaneous-fee-schedule.  The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915."  *Id.*